# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 1, 2011

## STEPHEN L. BEASLEY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6505    Joseph H. Walker, III, Judge**

---

**No. W2011-01956-CCA-R3-HC   -   Filed June 25, 2012**

---

In 1994, a Hamilton County jury convicted the Petitioner, Stephen L. Beasley, of first degree premeditated murder and sentenced him to life imprisonment without the possibility of parole. This Court affirmed the Petitioner's conviction on appeal. *State v. Stephen Lujan Beasley*, No. 03C01-9509-CR-00268, 1996 WL 591203, at *1 (Tenn. Crim. App., at Knoxville, Oct. 10, 1996), *perm. app. denied* (Tenn. Apr. 27, 1998). After a somewhat lengthy procedural history, the Petitioner filed a second petition for habeas corpus relief, alleging that the trial court lacked jurisdiction to "instruct trial jury and argue murder in perpetration of felony reckless." The habeas corpus court summarily dismissed the petition. On appeal, the Petitioner contends that he has been subjected to multiple punishments for the same crime, arguing that the jury violated his constitutional rights when it applied the felony-murder aggravating circumstance to his conviction for first degree premeditated murder. He does not contest his sentence for life in prison but contests the jury's decision that he not have the possibility of parole. The Petitioner states that because he was convicted of premeditated murder, the jury improperly applied the felony murder aggravator as a basis for imposing his "without parole" sentence. Upon a review of the record in this case, we conclude that the habeas corpus court properly dismissed the petition for habeas corpus relief. Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Stephen L. Beasley, Pro Se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Mike Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts and Procedural History

This case arises from the murder of the Petitioner's paramour. Considering the procedural history and the Petitioner's contentions on appeal, we will summarize the facts of the underlying case. In the Petitioner's direct appeal of his conviction and sentence, this Court summarized the facts as follows:

The victim and the [Petitioner] enjoyed a relationship of precarious intimacy. While the [Petitioner] was married he began dating the victim. The strain on the [Petitioner's] marriage developed to the extreme when after finding the [Petitioner] and the victim together, the [Petitioner's] wife shot the [Petitioner]. Soon thereafter, the [Petitioner] was divorced and began cohabiting with the victim.

This too apparently was a stormy relationship since the couple separated on several occasions. Shortly before her death the victim terminated the cohabitation and began living with her mother. The [Petitioner] persisted in his efforts to resume the relationship. On the evening before the victim's death the [Petitioner] attempted to contact the victim. She resisted his efforts.

On the morning of the victim's death, the proof introduced at trial revealed that the victim left her home at approximately 8:00 A.M. to work at her mother's day care center. She took her seventeen month old child and supplies for the day care center with her to the center.

The [Petitioner] called his immediate employment supervisor at home at approximately 6:00 A.M. and told him that he would be late coming to work and to cover for him. His reasons for being late were that he had been involved is some type of altercation and needed to "take care of business".

Other than the [Petitioner] there are no surviving witnesses to the events which occurred in the day care center except the seventeen month old child. What is certain is that the victim was found dead in the hallway of the day care center after she failed to answer the phone. A gallon of milk and the victim's purse were strewn about the hallway. The victim's child was in the center alone.

The victim had been shot three times in the head and her throat had been

cut. It was discovered that the phone lines inside the day care center had been cut and there were signs of forcible entry both from the back door and a middle door. Several rings had been taken from the victim's hands.

      The police interviewed the [Petitioner] on two occasions concerning his knowledge of the victim's death. In his first interview on the day of the death the [Petitioner] denied any knowledge of the circumstances surrounding the victim's death. He claimed to have been at work at the time of her death. Further investigation revealed that the [Petitioner] arrived at work at approximately 9:15 A.M., not 8:00 A.M. as he previously claimed. The [Petitioner's] time card at work was also missing. After the officers learned of the [Petitioner's] conversation with his immediate supervisor, the [Petitioner] was interviewed again.

      After being confronted with the new information in possession of the officers, the [Petitioner] admitted that he was present when the victim was shot. In his second statement, the [Petitioner] admitted that he had forcibly entered the day care center. He claimed that when he entered the hallway of the center, he saw the victim reaching into her purse for her gun. The [Petitioner] claimed that the gun discharged twice as he and the victim struggled over the weapon. After the victim fell to the floor, the [Petitioner] claims that the victim voluntarily gave him the rings from her fingers. He admitted cutting the phone lines, but denied any knowledge of the slash made to the victim's throat. Later, the [Petitioner's] assisted the police in recovering the gun and the rings which he had removed from the day care center and hid in his mother's residence.

The weapon used to kill the victim had been purchased by the victim some months earlier. It was a used, relatively inexpensive .22 cal. automatic. A firearms expert with the Tennessee Bureau of Investigation testified that the weapon had a malfunction and would not fire in rapid succession as designed, but instead, had to be manually manipulated after each shot before the next shot could be fired. This required the shooter to manually eject the shell casing and push the slide forward before the next round could be fired.

*State v. Stephen Lujan Beasley*, No. 03C01-9509-CR-00268, 1996 WL 591203, at *1-2 (Tenn. Crim. App., at Knoxville, Oct. 10, 1996), *perm. app. denied* (Tenn. Apr. 27, 1998). In the Petitioner's appeal, he did not contest the sufficiency of the evidence of murder but instead contested the evidence proving that he committed the murder with premeditation and deliberation. *Id.* at *1. This Court affirmed the Petitioner's conviction. *Id.*

The Petitioner then filed a petition for post-conviction relief. In that petition, he alleged that his trial counsel provided ineffective assistance of counsel and that he was denied the right to testify at trial and at the sentencing hearing. This Court affirmed the trial court's dismissal of the Petitioner's petition. *Stephen Lajuan Beasley v. State*, No. E2000-01336-CCA-R3-PC, 2001 WL 387385, at *1 (Tenn. Crim. App., at Knoxville, Apr. 17, 2001), *Tenn. R. App. P. 11 application denied* (Tenn. Oct. 29, 2001).

In 2004, the Petitioner filed his first petition for habeas corpus relief, alleging that the indictment was defective; that the State improperly amended the indictment during trial; that there was a fatal variance between the indictment and the proof at trial; and that the sentence was illegal because the jury was permitted to consider improper evidence during the sentencing phase. *Stephen Lajuan Beasley v. State*, No. E2005-00367-CCA-MR3-HC, 2005 WL 3533265, at *1 (Tenn. Crim. App., at Knoxville, Dec. 27, 2005), *Tenn. R. App. P. 11 application denied* (Tenn. May 30, 2006). The trial court summarily dismissed the petition, ruling that the Petitioner's allegations as to the indictment, even if true, would not render the judgment void. *Id.* The trial court also concluded that the specific claim raised by the Petitioner, alleging that his sentence was illegal, was not a cognizable ground for habeas corpus relief. *Id.* This Court affirmed the trial court's judgment. *Id.* About the Petitioner's claim regarding his sentencing, the Court held:

> The [P]etitioner contends that his sentence is illegal because the jury was permitted to consider improper evidence during the sentencing phase. He claims that the trial court erroneously permitted the state to introduce evidence of the underlying facts of the prior conviction that was cited as an aggravating factor. It is our view, however, that even if the [P]etitioner's claim were true, such an error would not qualify as a jurisdictional defect and would render the judgment voidable rather than void. In consequence, the [P]etitioner is not entitled to habeas corpus relief on this claim. *See Henderson*, 221 Tenn. at 30, 424 S.W.2d at 189.

*Id.* at *2.

In August 2011, the Petitioner filed his second habeas corpus petition, which is the subject of this appeal. In it, he contended that the trial court "had no jurisdiction to instruct trial jury and argue murder in perpetration of felony reckless." In the accompanying sworn affidavit, the Petitioner states that he "was not indicted nor charged with the offense of Burglary or theft, nor did Petitioner plea guilty of such offenses."

The habeas corpus court summarily dismissed the Petitioner's habeas corpus petition. The habeas corpus court found:

Petitioner now files for habeas corpus alleging that the court had no jurisdiction to instruct the trial jury; that the prosecutor argued improperly; and that he is "relying on TCA 29-21-101 proving that court of Hamilton County had jurisdiction to present and argue that petitioner committed any reckless offense from premeditation."

. . . .

Petitioner has failed to establish that his sentence has expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that he has been subjected to multiple punishments for the same crime, arguing that the jury violated his constitutional rights when it applied the felony-murder aggravating circumstance to his conviction for first degree premeditated murder. He does not contest his sentence for life in prison, but he contests the jury's decision that he not have the possibility of parole. The Petitioner states that because he was convicted of premeditated murder, the jury improperly applied the felony-murder aggravator as a basis for imposing his "without parole" sentence.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 to 130 (2006). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limitation which applies to bar the filing of a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and

may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

We conclude that the Petitioner's petition for habeas corpus relief fails to state a cognizable claim for habeas corpus relief. First, we conclude that the Petitioner has not proven that his sentence to life in confinement has expired. The Petitioner states in his petition that he was properly sentenced to life in confinement for his first degree premeditated murder conviction, but he contends that the jury improperly considered evidence that he also committed "burglary" by stealing the victim's jewelry from her dying body when it sentenced him to life without parole. The Petitioner's claim is not one that is cognizable pursuant to the habeas corpus statutes. Such claims, if in fact error, would render the judgment voidable rather than viod.

Further, any claim raised by the Petitioner regarding jury instructions is not properly raised by his habeas corpus petition. *See Jackie F. Curry v. State*, No. E2007-02526-CCA-R3-HC, 2008 WL 3066823, at *4 (Tenn. Crim. App., at Knoxville, Aug. 4, 2008), *Tenn. R. App. P. 11 application denied* (Tenn. Dec. 8, 2008). Finally, to the extent that the Petitioner claims that the jury improperly considered burglary as an aggravating factor when sentencing him, we conclude that we previously addressed that issue in the Petitioner's first habeas corpus petition. *See Beasley*, 2005 WL 3533265, at *2.

The Petitioner has not satisfied his burden of showing by a preponderance of the evidence that the convictions are void or that the prison term has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). As such, the Petitioner is not entitled to habeas corpus relief.

## II. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgment of the habeas corpus court.

_____
ROBERT W. WEDEMEYER, JUDGE